# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENEVIEVE MOORE et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2815** |
| **AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA AND UTAH et al.** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Plaintiffs Genevieve Moore, Da'vine Moore, individually and on behalf of Zion Marshall, and Carlnell Marshall, on behalf of Zion Marshall, (collectively, "Plaintiffs") bring this suit against Defendants American Automobile Association of Northern California, Nevada, and Utah d/b/a/ CSAA Insurance Exchange ("CSAA"), Indian Harbor Insurance Company ("Indian Harbor"), and Emma Patton ("Patton") (collectively, "Defendants") following an alleged vehicular collision in September 2019.[1] Before the Court is Plaintiffs' "Motion to Remand."[2] Having considered the motion, the memorandum in support and opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 26, 2020, Plaintiffs filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana.[3] On October 14, 2020, CSAA and Patton removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 19.

[3] Rec. Doc. 1-2.

[4] Rec. Doc. 1.

On March 30, 2021, Plaintiffs filed the instant motion to remand.[5] On April 13, 2021,

CSAA and Patton filed an opposition to the instant motion.[6] Also on April 13, 2021, Indian Harbor

filed an opposition in which it adopted the arguments set forth in CSAA's opposition to the instant

motion.[7] On April 22, 2021, Plaintiffs filed a reply memorandum in further support of the instant

motion to remand.[8]

## II. Parties' Arguments

### A.   *Plaintiffs Arguments in Support of the Motion*

Plaintiff argues that remand is appropriate because Defendants have failed to show that

complete diversity of citizenship exists among the parties.[9] Specifically, Plaintiffs claims that the

Notice of Removal filed by CSAA and Patton incorrectly identifies Patton as a citizen of California

because "discovery has revealed that Patton was domiciled in Louisiana at the time of the accident

and remains a Louisiana domiciliary at present date."[10] Because Plaintiffs are citizens of

Louisiana, Plaintiffs claim that the presence of Patton as a defendant in this lawsuit destroys

complete diversity.[11]

In support of their argument that Patton is a Louisiana domiciliary, Plaintiffs point to

Patton's deposition testimony which Plaintiffs contend "confirms that she has lived in Louisiana

since 2014; that she registered to vote in Louisiana in 2014; reregistered in 2018 and has voted in

---

[5] Rec. Doc. 19.

[6] Rec. Doc. 20.

[7] Rec. Doc. 21.

[8] Rec. Doc. 27.

[9] Rec. Doc. 19-1 at 3.

[10] *Id.* at 2.

[11] *Id.*

multiple elections; that she has been employed in Louisiana on a regular basis since 2014 and pays income taxes in Louisiana; that she has had a Louisiana driver's license since 2018; and that she currently lives in Louisiana for all but 6-8 weeks a year."[12]

**B.**    ***Defendants' Arguments in Opposition to the Motion***

In opposition to the instant motion to remand, Defendants maintain that Patton is a California domiciliary.[13] According to Defendants, Patton is a temporary resident of Louisiana and does not intend to remain Louisiana following graduation from the Physician Assistant program at the LSU Health Sciences Center.[14] In support of their argument that Patton is a California domiciliary, Defendants point to Patton's declaration filed in support of removal and Patton's deposition testimony that she does not intend to stay in Louisiana following graduation and intends to seek employment on the "West Coast."[15] Defendants also assert that Patton's vehicle registration was issued by California and her parents and other family members reside in California.[16]

**C.**    ***Plaintiffs' Arguments in Further Support of the Motion***

In reply, Plaintiffs reassert that Patton has lived and worked in Louisiana since 2014, is registered to vote in Louisiana, has voted in multiple Louisiana elections, and possesses a

---

[12] *Id.* at 4.

[13] Rec. Doc. 20 at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 4.

3

Louisiana driver's license.[17] Plaintiffs also point out that Patton graduated from college in 2018 and the alleged accident at issue in this litigation occurred in September 2019.[18]

### III. Legal Standard on a Motion to Remand

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[19] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 if the case "is between citizens of different states," or complete diversity exists, and the amount in controversy "exceeds the sum or value of $75,000."[20] Complete diversity between the parties is present when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side."[21] The removing party bears the burden of demonstrating that federal jurisdiction exists.[22] Subject matter jurisdiction is fixed at the time of removal, and cannot be eliminated by events that occur after removal.[23]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[24] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal

---

[17] Rec. Doc. 27 at 2.

[18] *Id.*

[19] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[20] 28 U.S.C. § 1332(a)(1).

[21] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[22] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[23] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[24] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

jurisdiction is proper should be resolved against federal jurisdiction."[25] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## IV. Analysis

There is no dispute that Plaintiffs are citizens of Louisiana, CSAA is a California citizen, and Indian Harbor is a citizen of Delaware and Connecticut. The sole issue presented is whether Patton is a citizen of California or a citizen of Louisiana. If Patton is a citizen of California, complete diversity exists such that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.[26] If Patton is a citizen of Louisiana, there is no complete diversity of citizenship between the parties and remand is appropriate.

Plaintiffs contend that Patton's deposition testimony regarding her ties to Louisiana supports a finding that Patton is a citizen of Louisiana.[27] In opposition, Defendants argue that Patton is citizen of California and only a temporary resident of Louisiana because she came to Louisiana to attend school and does not intend to remain in Louisiana following her graduation from the Physician Assistant program at the LSU Health Sciences Center.[28]

---

[25] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[26] The amount in controversy requirement for jurisdiction pursuant to 28 U.S.C. § 1332 is satisfied in this case because Plaintiff sued uninsured/underinsured motorist carrier Indian Harbor claiming that the conditions for Indian Harbor to provide coverage were met. Rec. Doc. 1-2 at 4. Plaintiff also sued CSAA, Patton's insurer, and the CSAA insurance policy provides a liability limit of $500,000. Rec. Doc. 7 at 3. Plaintiff is thus unable to recover from Indian Harbor unless the damages exceed $500,000. *Cf. Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Earl v. Myers*, No. CIV.A. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010) (Zainey, J.).

[27] *See* Rec. Doc. 19.

[28] Rec. Doc. 20 at 2.

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of a natural person in § 1332 diversity cases:

> The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[29]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[30] The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely."[31] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[32]

As the removing parties, CSAA and Patton bear the burden of establishing jurisdiction by a preponderance of the evidence, and "[a]ny ambiguities are construed strictly against removal because the removal statute should be strictly construed in favor of remand."[33] To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and

---

[29] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[30] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[31] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (citing *State of Texas v. State of Florida*, 306 U.S. 398, 424 (1939)).

[32] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citation and quotation marks omitted).

[33] *Manguno*, 276 F.3d at 723.

maintains a home for his [or her] family."[34] While the court should consider where the litigant claims to be domiciled, his or her assertion is "entitled to little weight if it conflicts with the objective facts."[35] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[36]

In her deposition, Patton testified that she moved from California to Louisiana to attend college in 2014, graduated from college in Louisiana in 2018, and is presently enrolled in a Physician Assistant program in Louisiana.[37] Patton further testified that she got a Louisiana driver's license in 2018.[38] Patton also testified that during college and following graduation from college, she held "various jobs" in Louisiana.[39]

Nevertheless, Patton maintained during her deposition that she does not intend to remain permanently in Louisiana following graduation from the Physician Assistant program at LSU Health Sciences Center and that she is planning on seeking employment on the West Coast following graduation.[40] In addition, Patton attested that her vehicle was registered by the state of California and she considers California her permanent home.[41] Fifth Circuit precedent holds that individuals attending school in Louisiana lack the requisite intent to stay in the state for purposes of establishing

---

[34] *Coury*, 85 F.3d at 251.

[35] *Id*.

[36] *Id*. at 249.

[37] Rec. Doc. 19-2 at 8–9; 59. Patton testified that she was in physician assistant school at her deposition on March 5, 2021, and that she had about fourteen months left in the program. *Id.* at 59.

[38] *Id.* at 10.

[39] *Id.* at 9–10.

[40] *Id.* at 58; Rec. Doc. 1-3 at 1.

[41] *Id.* at 1–2.

citizenship in Louisiana.[42] Absent evidence that Patton developed an intention to stay in Louisiana, which is directly contradicted by her testimony that she intends to return to the West Coast, the Court finds that Patton retains her California citizenship for purposes of the diversity jurisdiction inquiry. Therefore, the Court finds that the complete diversity requirement for § 1332 jurisdiction is satisfied in this case.

## V. Conclusion

Based on the foregoing, CSAA and Patton have met their burden of showing by a preponderance of the evidence that Patton is a citizen of California. Therefore, CSAA and Patton have demonstrated that complete diversity of citizenship exists. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[43] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this ___18th___ day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] *See Mas*, 489 F.2d at 1400 ("Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there.").

[43] Rec. Doc. 19.